**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**SANDRA EDMONDS,**

       **Plaintiff,**

**v.**                                   **CASE NO. 5:13-cv-105-RS-CJK**

**RAY MABUS, in his official capacity as
SECRETARY of the United States
Department of the Navy,**

       **Defendant.**

_____/

## ORDER

Before me are Defendant's Motion to Dismiss Amended Complaint (Doc. 13) and Plaintiff's Memorandum in Opposition to Motion to Dismiss Amended Complaint (Doc. 18).

Plaintiff was hired by Defendant around August 2008 as a housekeeper at Defendant's Navy Gateway Inn and Suites. (Doc. 4, ¶ 6). Defendant maintains that Plaintiff was provided a handbook with the EEO process during her in-processing on August 22, 2008. (Doc. 13-1, ¶ 4). The handbook included information on how to file an EEO complaint, including the requirement that an EEO counselor must be contacted within 45 days of the discriminatory act or personnel decision. *Id.* Defendant also states that there were EEO posters located in Plaintiff's workplace and the break rooms explaining EEO procedures. *Id.* at ¶

5.  However, Plaintiff believed that she was employed by a private employer and did not see any EEO posters in the workplace.  (Doc. 18-1, ¶¶ 3, 6).  Plaintiff address whether she received notice of the proper EEO procedures during her in-processing.  *See* Doc. 18-1.

In January 2009, Plaintiff suffered a heart attack and was hospitalized for a few days after.  *Id.* at ¶ 7.  Plaintiff's physician recommended a four to six week recovery period during which she could not work.  *Id.*  Plaintiff claims that Defendant's agents knew of her need for a continuing leave of absence, but they still terminated her employment and said she could reapply when recuperated.  *Id.* at ¶ 8.  This was done by telephonic communication.  *Id.*  In April 2009, Plaintiff reapplied for work, but received no response.  *Id.* at ¶ 9.

On October 22, 2009, Plaintiff filed an Employment Charge of Discrimination with the Florida Commission on Human Relations ("FCHR"), listing Navy Gateway Inn & Suites as her employer for disability discrimination.  (Doc. 18-1, ¶ 9).  On April 14, 2010, FCHR sent "Sandra Edmonds c/o Marie A. Mattox, Esquire" a letter stating:

> Section 717 of Title VII of the 1964 Civil Rights Act requires that the investigation of employment discrimination in a federal agency or a business located on or in a Federal entity may only be investigated by the applicable federal agency.  *The Respondent in your complaint is located on a United States Naval Base*.

(Doc. 13-4)(emphasis added).  Plaintiff has still not filed an EEO complaint.

Plaintiff filed this suit alleging disability discrimination on April 8, 2013, and amended her complaint on April 26, 2013. Defendant filed its motion to dismiss for Plaintiff's failure to exhaust her administrative remedies.

"Even though a failure-to-exhaust is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a 'matter[] in abatement, and ordinarily [does] not deal with the merits.' " *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008)(quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 at 78 n.15 (3d ed. 2004)). Failure to exhaust administrative remedies "is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.' " *Id.* at 1375 (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988). "That motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b) is not unusual or problematic. … We regard exhaustion of administrative remedies as a matter of judicial administration." *Id.* The rationale behind the exhaustion requirement is "to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices, and a plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of the administrative charge of discrimination or retaliation." *Basel v.*

*Secretary of Defense*, 507 Fed. Appx. 873, 875 (11th Cir. 2013). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)(quoted by *Bryant*, 530 F.3d at 1374).

Any federal employee who believes she has "been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult [an EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Pursuant to 29 C.F.R. § 1614.105(a)(1), the employee must initiate contact with a counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." The parties agree that Plaintiff did not contact a counselor within the 45-day window. The statute states that the deadline "shall" be extended by the EEOC "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them . . . ." 29 C.F.R. § 1614.105(a)(2). The plain language of the rule does not require extensive research into when the time limit is extended; it is extended when the aggrieved party was not notified of the time limits and was not aware of them. *See Harris v. Gonzales*, 488 F.3d 442, 444 (D.C. Cir. 2007) (citations omitted) (The EEOC "must grant an extension if the employee shows that she 'was not notified' or 'otherwise aware' of the time limit. An employee

who makes such a showing need not separately satisfy the common law standard for equitable tolling.").

Plaintiff does not meet this low standard. She does not dispute that she was given a handbook outlining the proper EEO procedures. But assuming that she had not received it and that there were no EEO posters at her workplace, Plaintiff—and Plaintiff's attorney—were made aware that the respondent was located on a United State Navy Base on April 14, 2010. (Doc. 13-4). As of today, an EEO complaint still has not been filed.

The Supreme Court has held that "a timely filing charge of discrimination with the EEOC is not a jurisdictional prerequisite … but a prerequisite that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). Equitable tolling applies "when the defendant misleads [plaintiff] into allowing the statutory period to lapse, when [plaintiff] has no reasonable way of discovering the wrong perpetrated against her, or when [plaintiff] files a technically defective pleading and in all other respects acts with the proper diligence which statutes of limitations were intended to insure." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)(citations and emphasis omitted).

Equitable tolling does not apply in this case. There is no evidence or even allegation that Defendant misled Plaintiff in any way. Plaintiff certainly could

have discovered the alleged wrong at the time of her termination. Lastly, while Plaintiff did file a complaint with the FCHR, when she was made aware that she filed it with the wrong agency, Plaintiff did not take steps to see an EEO counsel or file an EEO complaint. Therefore, she was not diligent. Lastly, "even if equitable tolling would have permitted [plaintiff] to pursue [her] administrative remedies in an untimely manner, it cannot excuse [her] failure to initiate the administrative process altogether." *Basel*, 507 Fed. Appx. at 876.

Therefore, Defendant's Motion to Dismiss is **GRANTED**. The Clerk is directed to close the case.


**ORDERED** on August 15, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**